UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:09-CV-460-H

PAUL AMARAL, *et. al.*                                                                                        PLAINTIFFS

V.

HARDIN COUNTY, *et. al.*                                                                                       DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This case was filed by 24 former and current inmates of the Hardin County Detention Center alleging that they contracted methicillin-resistant Staphylococcus aureus ("MRSA") while incarcerated. Plaintiffs claim that they contracted MRSA because of certain failures on the part of Defendants to prevent the spread of the disease. At this time, Owen Bonney, Nathan Pagel and Russell Sullivan ("Movants"), all of whom allegedly contracted MRSA while incarcerated at the Hardin County Detention Center, move to intervene.

Federal Rule of Civil Procedure 24(b)(1) provides, "On timely motion, the court may permit anyone to intervene who: . . . (B) has a claim or defense that shares with the main action a common question of law or fact." Rule 24(b)(3) requires the Court consider whether intervention will unduly delay or prejudice the adjudication of the original parties' rights.

Movants contend that common questions of fact and law predominate all of these claims. Each Movant's claim will depend on the same underlying behavior of Defendants as Plaintiffs' claims, namely Defendants' policies and actions toward prevention of infectious diseases. Moreover, the legal question for all claims will be whether Defendants' actions violated Plaintiffs' and Movants' rights.

Defendants contend that this issue has already been decided by Judge Simpson in the case of *Chapman, et. al. v. Hardin County, et. al.*, 3:05-CV-433-S. *Chapman* was a putative class action involving the contraction of MRSA by Hardin County Detention Center inmates where Judge Simpson denied class certification. Following that denial, the 24 plaintiffs currently before this Court moved to intervene in *Chapman*. Judge Simpson denied that motion, finding that there were not questions of law or fact common to the claim of the one remaining named plaintiff. Subsequently, Plaintiffs filed this action.

The Court believes that this case as currently filed is better suited for intervention than *Chapman*. Twenty-four (24) plaintiffs are already involved. Adding three more plaintiffs will not significantly prejudice Defendants in any manner. The claims of the three additional plaintiffs are, in essence, the same as the claims of the 24 original plaintiffs. The same policies, procedures and actions of Defendants will be in issue for each plaintiff. The same witnesses and evidence will develop those policies and procedures. While Defendants may be correct that separate trials will be necessary, bifurcation of trials can certainly occur when and where appropriate. Further, this action is in its infancy, having only been on the Court's docket for approximately three months when the motions to intervene were made. Thus, the Court finds that there will be no undue delay or prejudice resulting from the intervention.

Defendants also contend that intervention is inappropriate for Mr. Bonney because his claim is barred by the statute of limitations. Mr. Bonney argues that the statute of limitations was tolled while the putative class action was pending because he was a member of the putative class. This issue is more properly decided on a motion for summary judgment after Mr. Bonney has been joined as a plaintiff. Therefore, the Court does not consider the merits of the statute of

limitations argument at this time.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Owen Bonney, Nathan Pagel and Russell Sullivan's motions to intervene are SUSTAINED. Each will be added as Plaintiffs in this case.

cc: Counsel of Record